Filed March 17, 1892.

---

No. 283.

THE LAKE ERIE AND WESTERN RAILROAD COMPANY v. MATTIX.

VERDICT.— *Weight of Evidence.*—A verdict will not be disturbed on the mere weight of evidence when there is evidence tending to sustain it. For discussion of evidence sustaining verdict in favor of plaintiff against the defendant railroad company, for injuring plaintiff's colt resulting in its death, see opinion.

From the Clinton Circuit Court.

*W. E. Hackedorn, S. O. Bayless* and *C. G. Guenther,* for appellant.

*J. C. Suit,* for appellee.

ROBINSON, C. J.—The complaint in this action, among other things, alleged that appellee's colt strayed upon appellant's railroad at a point where the appellant had failed to securely fence and maintain such fence where

said road should have been securely fenced, and that said colt was run against by a locomotive and cars managed by appellant's servants, and so hurt, crippled and injured that the appellee was compelled to and did kill said colt, etc. Under the answer of general denial the cause was tried by a jury. The verdict was for the appellee, and judgment was rendered on the verdict over a motion for a new trial. The argument of counsel for appellant is limited to the cause in the motion for a new trial, " that the verdict was not sustained by sufficient evidence." They insist that the real and material question in the case was whether the animal came in contact with any part of the train, and received the injury for which damages are sought to be recovered, and that there was no evidence tending to prove that the animal came in contact with or was struck by the train of the appellant, or was in any way injured by such train coming in contact with or running against said animal. The authorities sustain the appellant's position if the view expressed of the evidence is correct, and are so firmly settled as to require no citation. We must, therefore, look to the evidence to determine whether we can, under the established rules of this court, interfere with the judgment of the circuit court.

The evidence in the case upon the point controverted disclosed the following facts:

The appellee, after testifying as to the value of the colt, that the railroad ran through his field and had never been fenced, said that " while he was working in his field, and had stopped to rest his horses 110 feet from the railroad, a passenger train came from the west and scared the colt, that it broke for the crossing, and when it got to the crossing the train was pretty near on to it, and it just struck up the railroad, going east, which was the same direction the train was running. Every jump it took it was getting closer to the road. It ran from about 110 to

111 feet, and about the last jump he saw it take it didn't look as though it was over six feet from the engine. Could not see it any further, it ran in behind the corn; drove out to the railroad and hitched my team, expecting to find the colt dead along the crossing, saw it standing forty rods east of there, started to go along up the railroad; when I got within twenty rods of the colt it started up the railroad again; I jumped over into Mr. Coverley's field to head the colt; when I got ahead of the colt it just hobbled back; didn't know its leg was broke until I got ahead of it. It had the left front leg broke, about half way between the knee and ankle; the hind part of the leg was cut two thirds of the way off; there was a piece of bone knocked out of the leg; did not know exactly where the bone came out of the leg; it appeared to have been cut out of the leg, and was found about forty or fifty steps from where it run in behind the corn, when he last saw it." On being recalled, he stated that the piece of bone was found about two or three feet from the railroad track, and that he saw the tracks of the colt in the soil along about the end of the ties. On cross-examination appellee testified that the character of the surface that the colt had to run over was clear, plowed ground up as far as the telegraph posts; after it got off of the plowed ground the surface was a little bumpy; that there was a telegraph pole lying between the corn and the railroad line; that there were no other obstructions except a few pieces of rails set up against the fence; that there was a little ditch about a foot deep on the side of the railroad; and that he found the colt outside of where the ditch was graded.

Eli Kappenberger testified that he saw the colt right after it was hurt; the left front leg was cut about two-thirds of the way around; the bone was broken in two different places, and half of the piece was gone entirely; the other half of that piece of the bone was in the colt's leg.

The Lake Erie and Western Railroad Company v. Mattix.

Mrs. Coverley testified that just after the passenger train had passed going east she saw the colt coming up the road with its leg flapping.

On behalf of the appellant Edward Yetman testified that he was fireman on the train, that the colt ran along with the train from about six to eight feet from the coach and from the side to the south, that it stumbled and fell and got up again and ran off to the south side into a fence, that the locomotive and no part of the train struck the colt, that he saw and was watching the colt all the time when it came out to the track.

Charles Lossee testified that he was engineer on the train, that the engine did not nor did the train touch the colt. It stubbed its foot and fell down, and that the colt at no time got nearer to the train than in the neighborhood of six feet.

I. W. Firth testified that he was the conductor in charge of the train, that he did not see the colt when it first came onto the right of way, and not until the brakeman called his attention to it; the colt was then alongside of the train, near the rear car, and about six or seven feet south of it; that the colt fell over some kind of obstruction on the right of way; it then got up again, starting along and leaving the track a little to the right, and then ran into a pile of rails.

This was all the evidence given in the cause upon the point upon which the appellant claims a reversal.

It is needless to here state the rule that has been repeatedly declared, that this court will not disturb the verdict of a jury on the mere weight of the evidence where the evidence tends to sustain it. As we have seen, the only question in the case under the evidence is, was the colt crippled and injured by being struck or coming in contact with appellant's train? While there was conflict in the evidence, there was evidence tending to sustain the verdict. From the manner in which the leg of the colt was

injured, the finding of a piece of the bone so near the end of the ties of the track, with other facts, and without any reasonable theory that it could have otherwise been so hurt, constituted facts upon which the jury may have predicated their finding on the point controverted by the appellant. We can not, therefore, disturb the judgment on the evidence.

The judgment is affirmed.

Filed March 15, 1892.